VAN OPPEN & CO., INC. *v.* UNITED STATES

No. 5274.—Invoices dated Puteaux, France, October 4, 1935, etc.
Certified October 8, 1935, etc.
Entered at New York October 18, 1935, etc.
Entry No. 745080, etc.

(Decided May 22, 1941)

*James W. Bevans* for the plaintiff.

*Charles D. Lawrence,* Acting Assistant Attorney General (*Daniel I. Auster,* special attorney), for the defendant.

OLIVER, Presiding Judge: The appeals to reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated and agreed by and between Charles D. Lawrence, Acting Assistant Attorney General, attorney for defendant, and James W. Bevans, attorney for plaintiff, subject to the approval of the Court, that the merchandise covered by the reappraisements enumerated in the attached schedule consists of bottles similar in all material respects to the merchandise that was the subject of *United States* v. *Guerlain, Inc.,* C. A. D. 146.

It is further stipulated and agreed that the said merchandise was appraised upon the cost of production under Section 402 (f) of the Tariff Act of 1930.

It is further stipulated and agreed that the issue with respect to said merchandise, covered by the reappraisements enumerated in the attached schedule, is the same as the issue involved in the case of *United States* v. *Guerlain, Inc., supra.*

It is further stipulated and agreed that where the importer added on entry under duress to meet previous advances by the Appraiser in similar cases, the appraised value of the merchandise here involved less the additions made by the importer on entry under duress to meet the advances of the Appraiser in similar cases is equal to the costs of materials, fabrication, manipulation or other process employed in manufacturing or producing such merchandise (not less than 10 per centum of the costs of materials, fabrication, manipulation, or other process employed in manufacturing or producing such merchandise) plus the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in packed condition ready for shipment to the United States, and plus an addition for profit (not less than 8 per centum) equal to the profit which ordinarily is added in the case of merchandise of the same general character by manufacturers or producers in the country of manufacture who are engaged in the manufacture of merchandise of the same kind or class.

It is further stipulated by the undersigned, counsel for plaintiff, that he has personally examined the reappraisements covered by this stipulation and of his

own knowledge certifies that said reappraisements have been properly signed and filed in time.

The reappraisements are waived as to all merchandise, except bottles, and they are submitted on this stipulation.

On the agreed facts I find the cost of production, as that value is defined in section 402 (f) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and as to the bottles wherein the importer added on entry under duress to meet previous advances by the appraiser in similar cases such values are the appraised values less the additions made by the importer on entry under duress to meet the advances of the appraiser in similar cases.

The appeals having been waived insofar as they relate to all other merchandise, to that extent the appeals are hereby dismissed. Judgment will be rendered accordingly.